1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   DALLAS THREAT,                          Civil No.    08-0584 BEN (JMA)

12                              Petitioner,
                                             **ORDER DISMISSING CASE**
13                    v.                      **WITHOUT PREJUDICE AND WITH**
                                             **LEAVE TO AMEND**
14   UNKNOWN, Warden

15                              Respondent.

16         Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas

17   Corpus pursuant to 28 U.S.C. § 2254. (West 2007.)

18            **FAILURE TO SATISFY FILING FEE REQUIREMENT**

19         Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma

20   pauperis.  This Court cannot proceed until Petitioner has either paid the $5.00 filing fee or

21   qualified to proceed in forma pauperis.  *See* Rule 3(a), 28 U.S.C. foll. § 2254.

22                   **FAILURE TO USE PROPER FORM**

23         Additionally, a Petition for Writ of Habeas Corpus must be submitted in accordance with

24   the Local Rules of the United States District Court for the Southern District of California.  *See*

25   Rule 2(c), 28 U.S.C. foll. § 2254.  In order to comply with the Local Rules, the petition must be

26   submitted upon a court-approved form and in accordance with the instructions approved by the

27   Court.  Presently, Petitioner has submitted an application for writ of habeas corpus on a non-

28   approved form.

## FAILURE TO NAME PROPER RESPONDENT

Additionally, review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.*

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." *Id.* "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." *Ortiz-Sandoval*, 81 F.3d at 895.

Here, Petitioner has not named a Respondent. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Director of the California Department of Corrections. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

## FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES

Further, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C.

§ 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).  Ordinarily, to satisfy the exhaustion requirement, a petitioner must "fairly present[] his federal claim to the highest state court with jurisdiction to consider it . . . or . . . demonstrate[] that no state remedy remains available. *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Anderson v. Harless*, 459 U.S. 4, 6 (1982)).  Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated.  For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)(emphasis added).

Nowhere on the Petition does Petitioner allege that he raised his claims in the California Supreme Court.  If Petitioner has raised his claims in the California Supreme Court he must so specify.

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

/ / /

The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending.  28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings.").  However, absent some other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . ."  Rule 4, 28 U.S.C. foll. § 2254.  Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

**FAILURE TO STATE GROUNDS FOR RELIEF IN PETITION**

Finally, Rule 2(c) of the Rules Governing Section 2254 Cases states that the petition "shall set forth in summary form the facts supporting each of the grounds . . . specified [in the petition]." Rule 2(c), 28 U.S.C. foll. § 2254.  *See also Boehme v. Maxwell*, 423 F.2d 1056, 1058 (9th Cir. 1970) (trial court's dismissal of federal habeas proceeding affirmed where petitioner made conclusory allegations instead of factual allegations showing that he was entitled to relief).  Here, Petitioner has violated Rule 2(c).

While courts should liberally interpret pro se pleadings with leniency and understanding, this should not place on the reviewing court the entire onus of ferreting out grounds for relief. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001).  Facts must be stated, <u>in the petition</u>, with sufficient detail to enable the Court to determine, from the face of the petition, whether further habeas corpus review is warranted.  *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990).  Moreover, the allegations should be sufficiently specific to permit the respondent to assert appropriate objections and defenses.  *Harris v. Allen*, 739 F. Supp. 564, 565 (W.D. Okla. 1989).  Here, the lack of grounds for relief in the Petition prevents the Respondent from being able to assert appropriate objections and defenses.

**CONCLUSION**

For the foregoing reasons, the Court **DISMISSES** the Petition without prejudice and with leave to amend due to Petitioner's failure to name a proper respondent. To have this case reopened, Petitioner must, **no later than <u>June 3, 2008</u>**: (1) pay the $5.00 filing fee or submit adequate proof of his inability to pay the fee, **AND** (2) file a First Amended Petition which cures the pleading deficiencies outlined in this Order. **THE CLERK OF COURT IS DIRECTED TO MAIL PETITIONER A BLANK MOTION TO PROCEED IN FORMA PAUPERIS FORM AND A BLANK FIRST AMENDED PETITION FORM**

**IT IS SO ORDERED.**

DATED: April 8, 2008

_____
Hon. Roger T. Benitez
United States District Judge